## COUNTY OF PROVIDENCE, SEPTEMBER TERM, 1856, AT PROVIDENCE.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, } Justices.
Hon. ALFRED BOSWORTH. }

---

## DARIUS D. BUFFUM *v.* THE NEW YORK & BOSTON RAILROAD COMPANY.

The opinions of witnesses as to the value of land taken by a railroad company, or as to the damage done to it by the location and construction of the road, cannot be admitted to pass to the jury, merely because such witnesses reside near the land taken or injured, and are acquainted with the land, and the manner in which it is crossed by the railroad; but, to render the opinions of witnesses admissible upon such subjects, as well as upon every other, the witnesses must be shown to be experts, and so to possess peculiar qualifications to judge of the matters concerning which they swear.

The same rule applies also to the exclusion, as testimony, of the opinions of witnesses, not experts, as to the benefits derived to the land of the claimant, not taken, by the location and construction of the railroad, when such benefits are attempted to be set off against the damages claimed by him.

APPEAL from an assessment of damages made by the commissioners appointed by the court of common pleas for the

19 *

county of Providence, to assess damages for land taken and injured by the New York & Boston Railroad Company in the location and construction of their railroad.

At the trial of the appeal at the June term, 1855, of the court of common pleas for the county of Providence, before Mr. Justice Sherman, sitting with a jury, certain exceptions were taken to his rulings upon objections to testimony, and to his instructions to the jury, and were brought to this court, which are so fully stated in the opinion of the court, that they need not be detailed here.

*E. H. Hazard & Wm. H. Potter* for appellant.

*Robinson, & Tillinghast & Bradley* for appellees.

Bosworth, J.[1]   This case comes to this court, on exceptions to the rulings and charge of the judge, on the trial of the case in the court of common pleas.

The first exception, in substance, is to the ruling of the court, " That any one living in Woonsocket, at the time of the location of the road,—the land of the claimant being situated in or near that village,—and acquainted with the land, was competent to give an opinion as to the value of the land taken by the railroad company in the location and construction of their road, and as to the damage done by such location to the land of the claimant."   Under this ruling, it appears from the notes of the judge appended to the exceptions, that several witnesses were admitted, to give their opinions in evidence to the jury, both as to the value of the land· taken by the railroad company for the uses of the road, and as to the damage done to the appellant by the location of the railroad over his land.

Opinions are not evidence, according to the rule of the common law, except in a limited class of cases.   In this country, a greater latitude is allowed in some of the states than in others, in permitting opinions to go to the jury, when accompanied by the facts on which they are based.   So far as we can gather from the language of courts, in those states where the greatest latitude is allowed, very little weight is attached, however, to

[1] Ames, C. J., was not a member of the court at the time this case was argued.

these opinions, unless supported, in the opinion of the jury, by the facts on which they are based. We do not see the propriety of admitting opinions of witnesses to be given to the jury at all, in cases in which, from the nature of the subject, they may be deemed as capable as the witnesses of forming opinions intelligently, when all the facts are placed before them.

In the class of cases to which this case belongs, for instance, one witness may be acquainted with certain facts with regard to the value of the land and the damage done to it, on which he bases his opinion; and that opinion might be materially modified by a knowledge of other facts, not known to him, but within the knowledge of another. The jury, when all the facts are given in evidence before them, are to form their opinion of the whole value of the land taken, and the whole damage done by the location of the road over the complainant's land; and the verdict, when rendered, is but the opinion of the jury, in view of all the facts in evidence, as to the amount of damage which the complainant has suffered.

The qualification, by the common law, deemed necessary to authorize the admission of the opinion of a witness as evidence, is, that by reason of peculiar skill, the witness can impart information to the jury which they are not to be supposed capable of deducing from the facts presented to them in evidence, on account of the nature of the subject of inquiry. Thus, the opinions of experts, in matters of skill, science, or trade, are admitted, because the matter of inquiry is one on which the jury are not supposed in general to possess information, sufficient to enable them to draw proper inferences from facts; and the witnesses, being persons of skill, whose business or profession leads them to an habitual application of principles to such facts, and to the weighing of such facts with reference to the results which they indicate, are able, by their opinions, to afford the jury the means of making a proper application of the facts in the case. The opinions of a physician are competent evidence on questions as to whether certain injuries to the person might be causes of death—as to whether certain facts of conduct are indications of insanity. A shipwright may give his opinion in evidence, as to whether a ship, under certain circum-

stances of her condition, is seaworthy; and various other classes of witnesses may be admitted to testify to their opinions, when the subject of inquiry is matter of science, skill, or trade, and the witness is proved, by a preliminary examination by the court, to be *expert* in the matter which is the subject of inquiry.

In this case, the qualification possessed by the witness, was a residence in Woonsocket, and a knowledge of the land of the complainant. The fact of residence in a town where the land is located, certainly does not imply peculiar skill; and a mere acquaintance with the complainant's land does not imply any more skill than the jury might attain, by the proceeding generally provided for by the law, and always, when proper, ordered by the court, namely, a view of the premises.

We therefore do not think that the evidence in this case, of the opinions of witnesses, without proof of qualifications as experts, ought to have been permitted to go to the jury; and as the verdict of the jury may have been improperly affected by this evidence, for this cause, a new trial must be granted.

The other exception in the case, we think, would not be sustained on the principles which have led us to our conclusion in reference to the exception already considered. It appears that the defendants' counsel asked the witness, whether the land of Buffum derived any peculiar benefit from the location of the road thereon? To which question the complainant's counsel objected, and the court did not allow the question to be answered. Any direct answer which the witness might have given to this question, must have involved merely the expression of an opinion by the witness. The reason assigned by the court for not admitting the testimony, we think, was a good one, viz: that the question was too general in its nature. At the same time, the party was informed that any question as to a distinct and direct benefit to the land, adapted to elicit testimony of a distinct item or fact of benefit, would be allowed to be put to the witness. All, therefore, that the party was debarred from proving by the ruling of the court, was the witness's opinion of a general benefit; while the court were ready to allow proof to be made of any distinct fact, involving a peculiar benefit.     *Verdict set aside and new trial granted.*